HARDY, Judge.
This is a suit in which plaintiff seeks to set aside a compromise settlement of a compensation claim previously entered into and reduced to judgment by agreement of the parties and in conformity with law. After . trial there was judgment in favor of the defendant employer rejecting the demands of plaintiff employee, from which judgment plaintiff brings this appeal.
There is little, if any, dispute as to the facts. On or about August 8, 1950, plaintiff, John Woodrow Johnson, who was em-' ployed by the defendant, Atlas Processing Company, was seriously injured as the result of a fall sustained while in the course and scope of his employment. Plaintiff was hospitalized for a period of several months and the employer paid medical expenses in a total amount of $1,188 and compensation for a period of forty-seven weeks at a rate of $37.76 per week. Relying upon the report of several physicians the employer then notified plaintiff that the medical reports indicated he was able to return to work and, as a consequence, compensation payments would be discontinued. Plaintiff consulted a reputable and able member of the Shreveport *347 Bar, who made an investigation of the matter and procured written medical reports from competent experts who had examined and treated plaintiff. As the result of his investigation this attorney-advised plaintiff to make a settlement with his employer and suggested the sum of $600. There was no further relationship between plaintiff and the attorney and the latter was not employed to prosecute the demands of the plaintiff, who thereafter handled the negotiations for himself and agreed to accept^the sum of $300 in settlement of his claim.
A joint petition of plaintiff and defendant was prepared and submitted to the First Judicial District Court in and for Caddo Parish, Louisiana. In conformity with the statutory provisions an attorney was appointed by the Court to represent the plaintiff employee. This attorney, also a reputable and thoroughly competent member of the Shreveport Bar, examined the file of the case, consulted with plaintiff and recommended the acceptance' of the proposed settlement, that is, the payment of the sum of $300. The agreement of settlement was presented to the Honorable Robert J. O’Neal, the. presiding Judge for the First Judicial District Court in and for the Parish of Caddo, Louisiana, who after examining plaintiff and receiving his assurance that he was fully recovered and able to return to work, approved the settlement and rendered judgment, which was signed on the 22nd day of August, 1951.
The following pertinent provisions were contained in the joint petition filed by plaintiff and defendant, whic^ was the basis for the compromise judgment:
“That a dispute exists between the petitioner, John Woodrow Johnson,'' on the one hand and your other petitioner, Atlas Processing Company, on the other in the following respects:
“(a) Employee contends that as a result of the accident, above described, he is totally and permanently disabled . from doing work of a reasonable nature, and particularly the work in which he was engaged at the -time of the accident, which is denied by your other petitioner who contends :
“(b) That petitioner is able to resume the work in which he was engaged at the time of his accident and is well able to do work of a reasonable nature, and particularly the work in which he was engaged at the time of his accident, as he was prior thereto.”
About a month more or less after the signing of the judgment, as above set forth, plaintiff instituted this action in which he prays that the said judgment be decreed null and void and that he recover judgment against defendant for the full period of 400 weeks at the rate of $30 per week, subject to credits for payments made.
As grounds for this action of nullity and avoidance of the compromise settlement plaintiff alleges that the payment of the $300, made and received in conformity with the compromise judgment, was in reality a lump sum settlement, “there being no dispute that he was totally injured”, and was void by reason of having been discounted at a rate in excess of 8% per annum, in violation of the statute.
Alternatively, plaintiff pleads that if the judgment was not for a lump sum settlement and void by reason thereof, it should be decreed null and void by reason of error and misrepresentation “in that he was assured that he had recovered from his injuries to such an extent that he could do and perform the same or similar work that he was doing before the accident, while as a matter of fact said doctors and defendant agents knew that he was totally and permanently disabled to do such work * * He »
It is noted that on trial of the case plaintiff made no effort to introduce any evidence with reference to his alternative contention of error and misrepresentation nor did counsel, either in oral argument or brief, make any attempt to support this claim. Accordingly, we conclude that this alleged ground for annullment has been abandoned and therefore confine our discussion to the consideration of plaintiff’s contention of nullity predicated upon the alleged lump sum settlement.
*348 Counsel for plaintiff relies as authority for his contention upon the case of Fontenot v. Goldenstern Pipe & Supply Company, La.App., 50 So.2d 484. Examination of the facts involved in the cited case shows that the medical testimony conclusively indicated that plaintiff would be permanently disabled for a period of six months from date of August 20, 1947. Judgment effecting a compromise settlement was rendered on September 5, 1947, and under the terms of the settlement plaintiff received the sum of $250. It was further established that, although plaintiff was disabled at the time of the settlement on September 5th, compensation payments had ceased on July 2nd. It therefore followed that at the time of the settlement the employer owed plaintiff the sum of $180 in back compensation, which fact reduced the net sum received by the employee to $70. Fixing the established period of disability at six months from August 20th it was obvious that plaintiff was entitled to a payment of $480 to cover the fixed period of disability subsequent to the date of settlement. We note that the Court in its opinion computed this sum at $520, which we think was in error. But in any event the effect of the settlement was to compromise a lump sum of $480 which would have become due and payable in a period of between five and six months in consideration of the actual payment of $70. Certainly this was a discount of a lump sum settlement at a rate far in excess of the 8% per annum allowed by statute. None of these facts which were under consideration in the Fontenot case, and which are recited above, are present in the instant case.
■In the matter before us there was no period of disability fixed or estimated. At the time of the settlement the. defendant’s agents, employees, and medical experts contended that plaintiff was fully recovered from his temporary disability and able to return to work. There was no basis for a lump sum settlement which, in our appreciation, contemplates an agreed estimate of the existence of disability over an established period of time.
As pointed out by the District Judge the attitude of the defendant in this case has been more than fair. Up to the time of the settlement defendant had paid plaintiff for forty-seven weeks disability on the basis of $37.76 per week, which amount was substantially in excess of the statutory maximum of $30 per week. Computed at the maximum rate it is evident that the payments made to plaintiff represented payment for sixty-six weeks,, which would have carried full payment of the maximum allowance of weekly compensation up to November 14, 1951. The additional sum of $300 represented by the amount paid in effecting the settlement would add another ten weeks of compensation, which would have carried up to January 23, 1952, a date some four months subsequent to the filing of this suit.
At the time of the settlement it is true that plaintiff asserted that he thought he was able to return to work but he now contends that he is incapable of performing the work in which he was engaged, or work of a similar nature. Defendant’s medical advisers have contended, both before and since the settlement, that plaintiff is able to return to his employment or to work of a similar nature. It necessarily follows that there was a bona fide dispute on this point, which difference of opinion has continued to exist.
We are firmly convinced that the settlement effected between this plaintiff and defendant, evidenced by judgment of August 22, 1951, was a compromise settlement of a bona fide dispute between the parties, entered into for the purpose of avoiding litigation, ' under the provisions of LSA-R.S. 23:1271, 1272, 1273.
Under the specific provisions of Section 1273 a judgment of compromise may not be set aside “except for fraud or misrepresentation made or induced by the employer or his insurer.” There is not the slightest evidence of any fraud or misrepresentation involved in the matter before us, and, indeed, as we have above observed, all contention on this point has been abandoned by plaintiff. Under the facts which have been clearly established we think plaintiff *349 has completely failed to substantiate -his claim that the compromise agreement of which he now complains was a lump, sum settlement. We are convinced that the compromise was entered into, not because the defendant employer considered ‘that anything further was due to plaintiff, but solely for the purpose of terminating the existing dispute and avoiding litigation.
For the reasons set forth the judgment appealed from is affirmed at appellant’s cost.
McINNIS, Judge ad hoc, concurring.
KENNON, J., not participating.